Ralph RIDDLE *v.* STATE of Arkansas

CR 90-64                                      791 S.W.2d 708

Supreme Court of Arkansas
Opinion delivered July 9, 1990

*William R. Simpson, Jr.,* Public Defender, and *Thomas B. Devine III*, Deputy Public Defender, by: *Jerry S. Sallings*,

Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *John D. Harris*, for appellee.

DALE PRICE, Justice. The appellant was convicted of aggravated assault and theft by receiving. He was sentenced to 10 years imprisonment on the assault charge and 25 years on the theft by receiving charge, to be served consecutively. On appeal, he contends the evidence was not sufficient to support his conviction for theft by receiving. We find the evidence was sufficient and therefore affirm.

On March 12, 1989, Little Rock police officer Stuart Sullivan was on patrol and spotted a light blue 1987 Honda Accord which had been stolen two days earlier. When Officer Sullivan turned on his siren and blue lights, the vehicle fled at a high rate of speed. After a chase lasting several blocks, the vehicle crashed into a stop sign and came to a halt. There were three occupants of the vehicle. Two of them, the driver and the backseat passenger, fled on foot in a southwesterly direction. The appellant, the front seat passenger, fled in a northwesterly direction and was pursued by Officer Sullivan. At several points during the chase, the appellant turned and fired a pistol at the officer but did not hit him.

Four days later the appellant was apprehended and positively identified by Officer Sullivan. He was brought to trial on charges of criminal attempt to commit first degree murder and theft by receiving. The jury convicted him of the lesser offense of aggravated assault on the attempted murder charge. There is no appeal from that conviction. On the theft by receiving charge, the appellant contends the trial court should have granted a directed verdict in his favor, because there was no evidence showing he had possession or control of the stolen vehicle.

To prove theft by receiving, the state must show that the accused received, retained or disposed of the property of another person, knowing that it was stolen or having good reason to believe it was stolen. Ark. Code Ann. § 5-36-106(a) (1987). A person "receives" stolen goods if he acquires possession, control or title to the goods or uses the goods as security. Ark. Code Ann. § 5-36-106(b) (1987). The appellant claims the state presented no evidence that he was in possession or control of the vehicle.

■ In proving the offense of receipt of stolen property, it is not necessary for the state to prove the accused had actual possession of the stolen property; it is enough to prove he had constructive possession or the right to control. *Jones* v. *State*, 276 Ark. 116, 632 S.W.2d 414 (1982). A person has constructive possession of property when he has the power to control and the intent to control that property. *See Black's Law Dictionary* 285 (5th ed. 1979). *See generally*, AMCI 3304 (constructive possession of a controlled substance); *Austin* v. *State*, 26 Ark. App. 70, 760 S.W.2d 76 (1988).

■ Being a passenger in a stolen vehicle is not, standing alone, enough to establish constructive possession, and many courts have so held. *See Commonwealth* v. *Scudder*, 490 Pa. 415, 416 A.2d 1003 (1980); *State* v. *Kimbrough*, 109 N.J. Super. 57, 262 A.2d 232 (1970); *State* v. *Plank*, 46 Wash. App. 728, 731 P.2d 1170 (1987). However, flight to avoid arrest can be considered as corroboration of evidence tending to establish guilt. *Ferguson* v. *State*, 298 Ark. 600, 769 S.W.2d 418 (1989). When we consider appellant's presence in the stolen vehicle along with the additional incriminating fact of flight from the police and his violent attempt to avoid capture, we find there is sufficient evidence from which the jury could have found that the appellant had constructive possession of the car and knew or had reason to know it was stolen.

Two cases from other jurisdictions are instructive in that their facts are virtually identical to the facts in this case. In a Pennsylvania case, *In Interest of Scott*, 388 Pa. Super. 550, 566 A.2d 266 (1989), the appellant was a passenger in a stolen vehicle. When approached by police, he fled. In response to his argument that there was not sufficient evidence to convict him of theft by receiving, the court held:

> Where a passenger in a stolen vehicle flees for the purpose of avoiding arrest, a fact finder may infer therefrom the dominion and guilty knowledge necessary to convict.

*See also State* v. *Frazier*, 268 N.C. 249, 150 S.E.2d 431 (1966).

Affirmed.