Eric AVETT *v.* STATE of Arkansas

CR 95-1307                                      928 S.W.2d 326

Supreme Court of Arkansas
Opinion delivered July 15, 1996

*William R. Simpson, Jr.,* Public Defender, by: *C. Joseph Cordi, Jr.,* Deputy Public Defender, for appellant.

*Winston Bryant,* Att'y Gen., by: *Clint Miller,* Deputy Att'y Gen., Sr. Appellate Advocate for appellee.

BRADLEY D. JESSON, Chief Justice. The appellant was convicted of two counts of theft by receiving. Ark. Code Ann. § 5-36-106 (Repl. 1993). He was sentenced to ten years on each count, to run concurrently. On appeal, he challenges the sufficiency of the evidence to support his convictions. We agree that the evidence was insufficient and therefore reverse and dismiss.

The facts are as follows. On December 9, 1994, a 1993 Chevy Astro van owned by Debbie Strickland was stolen from her office parking lot in southwest Little Rock. On December 10, 1994, various children's toys and items of clothing were stolen from the Salvation Army warehouse in southwest Little Rock. One week later, Little Rock Police officer Charles Weaver was patrolling an area near 29th and Arch Streets when he noticed a van leaving what he described as a "known crack house." He ran the van's license plate on a mobile data terminal. While he was doing this, the van

turned into a driveway at 2711 Arch Street. Officer Weaver continued driving while waiting on a report from the terminal. Within a few minutes, the report came back that the van was stolen. Weaver verified the information by radio and asked for the assistance of another unit. He returned to the place he had last seen the van. It was pulling out of the driveway at 2711 Arch. Weaver stopped the van and told the occupants to get out. Both the driver and the passenger complied. Weaver then ordered both men to get on the ground. The driver, Tonda Baker, did so. The passenger, appellant Eric Avett, was not cooperative. He cursed the officer and the police department in general, refused to get on the ground, and yelled for his mother (there is some evidence that Avett lived in the house at 2711 Arch). According to Weaver, Avett smelled of alcohol and had a crack pipe in his pocket. As officers began to take him into custody, he became, according to Weaver, "extremely violent...kicking at officers, yelling for his mother." Finally, Avett was sprayed with a half-second burst of pepper spray. This enabled the officers to get him into a patrol car. Once inside the patrol car, Avett continued his verbal abuse.

An inventory search of the van revealed boxes of toys and items of children's clothing, mostly in the rear of the van. The van itself was in poor shape. Debbie Strickland was called to identify her vehicle. She noted that the steering column was badly broken and had numerous wires hanging from it, that different tires and rims had been installed, that the speakers had been stripped from the van, and that some of the seats had been taken out.

· This evidence, along with some evidence of the value of the stolen items, constituted the State's case against the appellant. The case was tried to the court. At the close of the State's evidence, the appellant moved for a directed verdict. The trial judge denied the motion. The appellant then took the stand. He stated that he had only been in the van for three to four minutes when it was stopped by the police. He denied having any knowledge that the van or its contents were stolen. On cross-examination, he admitted that in 1988, he was convicted of breaking or entering, theft of property, and possession of a controlled substance without a prescription (the appellant had been charged as a habitual offender, having been convicted of more than one but less than four felonies). The court found the appellant guilty on both counts, reasoning that he should have known the van was stolen, given its condition. This appeal

followed.

A person commits theft by receiving if he:

> receives, retains, or disposes of stolen property of another person, knowing that it was stolen or having good reason to believe it was stolen.

Ark. Code Ann. § 5-36-106(a) (Repl. 1993). "Receiving" means acquiring possession, control, or title or lending on the security of the property. Ark. Code Ann. § 5-36-106(b) (Repl. 1993).

■ The evidence in this case consists of the fact that the appellant was a passenger in the van for a few minutes (the appellant's testimony is the only evidence of how long he was in the van; the State offered no other proof on this), that the inside of the van was in poor shape; and that the appellant became violent and belligerent upon being confronted by the police. The appellant argues that being a passenger in a stolen vehicle is not, standing alone, enough to establish constructive possession of the vehicle. We agree, and so held in *Riddle* v. *State*, 303 Ark. 42, 791 S.W.2d 708 (1990). However, the State notes that, in *Riddle*, we nevertheless upheld a conviction for theft by receiving based on other corroborative evidence of guilt. Riddle was a passenger in a stolen vehicle. When an officer recognized the vehicle and turned on his blue lights, the vehicle fled at a high rate of speed. After a chase, the vehicle crashed into a stop sign. The occupants, including Riddle, fled from the scene. As Riddle was being chased on foot, he turned and fired a pistol at the officer in pursuit. We said that Riddle's occupancy of the vehicle, coupled with his flight from the police and his violent attempt to avoid capture constituted sufficient evidence of theft by receiving. The appellant's angry, violent behavior in this case is a far cry from being part of a high speed chase, running from the scene and firing a pistol at an officer in pursuit. There is no aspect of flight to avoid arrest which was critical to our holding in *Riddle*.

The State simply did not meet its burden of proof in this case. The appellant's brief presence in a stolen van which was in poor condition and his violent outbursts upon being taken into custody cannot support a conviction for receiving, retaining or disposing of stolen property, knowing or having good reason to know it was stolen.

The dissent attempts to buttress the State's case by pointing to the fact that, six and a half years before this incident took place, the appellant was convicted of breaking or entering and theft of property. The State does not argue this on appeal, nor did the prosecution make this a part of its case below. The appellant's prior convictions were introduced by the State without objection apparently for impeachment purposes during cross-examination of the appellant. The trial judge did not refer to this evidence in determining the appellant's guilt. The dissent cites *Rudd v. State*, 308 Ark. 341, 825 S.W.2d 565 (1992), for the proposition that the appellant's prior convictions were evidence of his commission of the offense in this case. *Rudd* was a residential burglary case. To obtain a conviction, the State was required to prove *the purpose* for which the accused entered an occupiable structure. Ark. Code Ann. § 5-39-201(a)(1) (Repl. 1993). We said that Rudd's former burglary and theft convictions were admissible to show the purpose for which Rudd had entered the residence.

We are reluctant to consider the appellant's former convictions as substantive evidence in this case. First, the convictions could not be considered evidence of the appellant's purpose in getting into the vehicle because purpose is not an element of the offense of theft by receiving. Second, there is an element of unfairness in bolstering the State's case with questionable evidence which neither the State nor the judge appeared to rely on at trial, which the State has not argued on appeal, and which the appellant has not had the opportunity to object to, either at the trial level or on appeal.

Based upon the foregoing, we hold that the evidence was insufficient to support the appellant's convictions for theft by receiving. The appellant also raises an issue regarding proof of the value of the items stolen. Since we reverse and dismiss on other grounds, we do not address that issue. Likewise, the State raises an issue regarding our holding in *Strickland v. State*, 322 Ark. 312, 909 S.W.2d 318 (1995). In that case, we held that a defendant in a nonjury trial need not make a directed verdict motion to preserve sufficiency of the evidence questions on appeal. The State asks us to overrule that case and cites the imprecise nature of the appellant's directed verdict motion with regard to proof of value. Since we do not reach the proof of value issue, it is unnecessary for us to address the State's argument.

Reversed and dismissed.

GLAZE, CORBIN, and BROWN, JJ., dissent.

TOM GLAZE, Justice, dissenting. In finding Eric Avett guilty of the offense of theft by receiving, the trial judge heard the state's case and Avett's testimony in defense. During the prosecutor's cross-examination of Avett, Avett admitted he was a three-time felon, which included convictions for theft, burglary and possession of a controlled substance. Reduced to its simplest terms, the majority court, in reversing the trial judge's decision, holds the judge could not disbelieve Avett's explanation that he was only a passenger in the stolen van when it was stopped by the police. If there was ever a case where this court has invaded the factfinding role of the trial judge, it is this one.

First, the majority court cites the case of *Riddle* v. *State*, 303 Ark. 42, 791 S.W.2d 708 (1990), for the proposition that being a passenger in a stolen vehicle is not, standing alone, enough to establish constructive possession of the vehicle. Of course, that rule is sound. But even in *Riddle*, the court upheld the passenger-defendant's conviction for theft by receiving because he fled from the scene after the stolen vehicle had crashed. The court said that, where a passenger in a stolen vehicle flees for the purpose of avoiding arrest, a factfinder may infer therefrom the dominion and guilty knowledge necessary to convict. *Id.* at 44. In *Riddle*, the defendant never took the stand, so his credibility was never in issue. Nonetheless, based only on the state's evidence that Riddle fled to avoid arrest, this court affirmed Riddle's jury conviction.

In the present case, there was far more evidence to prove Avett's guilt than existed in proving the defendant's conviction in *Riddle*. Here, the state showed Officer Charles Weaver stopped a stolen 1993 van in which Avett was a passenger. In stepping out of the van, Avett was uncooperative and used abusive language toward Officer Weaver. Avett became extremely violent, kicked at the officer and was only quelled after officers sprayed Avett with O C Pepper Spray.

The 1993 stolen van was described as being in "horrible shape" — the steering column was "busted" with wires hanging out of it, "its tires and rims had been taken, inside seats had been removed and its speakers had been stripped." The van also contained brand-new toys that were boxed and had never been opened. The toys had been stolen from the Salvation Army.

At trial, Avett testified in an attempt to explain his presence in the stolen van. Avett claimed he got the driver of the van to give him a ride home which was only a distance of "two or three houses" away. He denied noticing anything about the van or the new toys contained in it.

In rendering his decision finding Avett guilty, the judge clearly disbelieved Avett's story. The judge said that Avett should have known the van with the Christmas gifts in it was stolen. The judge declared that, because the steering wheel had wires hanging loose and "all kinds of new toys" were in the van, Avett could not have been in the van without having known it was stolen. The trial judge was *not* required to believe Avett had only (1) been in the van four minutes, (2) was getting a ride home which was a distance of three houses away, (3) had never noticed how the almost new 1993 van had been stripped to a "horrible shape," and (4) was unaware of unopened boxes of toys contained in the van. In fact, the judge quite reasonably could have inferred that, given his past criminal history, Avett was in no way the innocent participant he purported to be.

The majority opinion is far off the mark in suggesting that, because the judge did not specifically refer to Avett's prior convictions in deciding his guilt, that this court should not consider them. Nor was the judge required to state all of the evidence and his findings when declaring Avett guilty. The majority court cites nothing to support these assertions because the law clearly holds otherwise.

In a bench trial, the trial judge is capable of evaluating the evidence and the judgment will stand unless all of the competent evidence is insufficient to support the judgment. *Rich Mountain Elec. Coop v. Revels*, 311 Ark. 1, 841 S.W.2d 151 (1992). Here, all the testimony was admitted into evidence without objection. In addition, it has been held that a remark made by a judge who tries a case without a jury may not be construed as his entire findings of fact and conclusions of law. *Legate v. Passmore*, 268 Ark. 1161 (Ark. App. 1980).

The trial judge trying this case is well-versed in the rules of evidence, and he, as well as the other members of the bench and bar, know that, when a defendant takes the stand, the defendant's credibility is an issue. *See* A.R.E. 609; *see Turner v. State*, 325 Ark.

237, 926 S.W.2d 843 (1996); *Schalski* v. *State*, 322 Ark. 63, 907 S.W.2d 693 (1995); *Donald* v. *State*, 310 Ark. 197, 833 S.W.2d 770 (1992); *Gustafson* v. *State*, 267 Ark. 278, 590 S.W.2d 853 (1979). Once again, because the trial judge is capable of evaluating evidence, our law does not require a trial judge to actually mention Rule 609 when utilizing it to reject the defendant's version of what occurred.

In addition, under A.R.E. Rules 404(b) and 403, the state was permitted, as it did, to introduce Avett's prior theft of property and burglary convictions to show his furtive intent, thus countering Avett's defense of mistake and his explanation that he had not noticed anything in or about the van when he had entered the stolen van. *See Turner*, 325 Ark. 237, 926 S.W.2d 843; *Rudd* v. *State*, 308 Ark. 401, 825 S.W.2d 565 (1992). Again, the majority opinion ignores established law when suggesting the trial judge was required to review all the evidence he relied on in reaching his decision as well as the rules of evidence he may have considered.

In conclusion, the majority opinion is bereft of reasoning and common sense to say sufficient evidence does not exist to show Avett's guilt. To the contrary, the evidence clearly supports the judge's finding of guilt and that decision should be affirmed.

CORBIN and BROWN, JJ., join this dissent.