Bart F. Virden, Judge, dissenting. I respectfully dissent on the limited issue of whether Mr. Pokatilov was entitled to a jury instruction regarding his knowledge of the | ^contraband found in a vehicle he was hauling on his transport. Specifically, I disagree with the resulting state of the law and potential for abuses. I feel that, in any common-carrier or commercial-vehicle situation, when the driver is charged as Mr. Pokatilov was, the jury should be instructed in accordance with a joint-occupancy situation. Granted, the actual term “joint occupancy” does not describe this situation, i.e., Mr. Pokatilov was the only one in the truck and had the keys to the vehicles on the trailer; but that analysis is currently the only way to instruct the jury on the requirement of knowledge of the contraband. If one reads “joint occupancy” to mean that more than one person was responsible for the cargo and its contents being transported, the cases can be read in complete harmony. The nearest case on point is Boston v. State, 69 Ark. App. 155, 12 S.W.3d 245 (2000), where this court concluded that [t]he State’s argument that, because the vehicles were traveling together, the jury could have inferred that the appellant was an additional person in control of the contraband, is not persuasive. The State would essentially have us remove the knowledge requirement from the constructive possession analysis by holding that when a driver agrees to carry a parcel that belongs to another person in his car, and the parcel is later found to contain contraband, this conduct is sufficient to demonstrate the driver knows the container holds contraband. We decline to so hold. While this conduct may be sufficient to demonstrate control of the container, it is not sufficient to demonstrate knowledge of the contents of the container, and our case law clearly requires the State must prove both elements to show constructive possession. Id. at 160, 12 S.W.3d at 248-49 (citations omitted) (emphasis added). In Boston, the defendant, was driving a car, and another person not in the car with the defendant had placed her suitcase containing marijuana in the trunk of the defendant’s car. Although that other person was not in the defendant’s cai’, she was found to have been traveling with the defendant. The difference is merely one of degree. Unless the driver has complete and total control of the contents in his or her vehicle, the State should be required to prove knowledge, and the jury should be so instructed. |17In this case, the juiy might well have found that Mr. Pokatilov did have knowledge, but the jury was not instructed on that point. Counsel for Mr. Pokatilov correctly predicted that not instructing the jury on knowledge invited confusion: Defense Counsel: And specifically, the real issue in this case is whether the Defendant knew the matter possessed was a controlled substance. And, as I say, that’s the issue. This is a statement of the law. The AMCI instruction by itself, 64.420, doesn’t say that, or doesn’t accurately say that. And in as much as the Arkansas Supreme Court twice and the Court of Appeals once has specifically said this. We know it’s the law, and we submit that this is something the jury should have in order to understand what the State’s burden of proof is. By clarifying that every common-carrier case with similar facts be treated as a joint-occupancy case for purposes of instructing the jury, we would be giving the jury the tools needed to make the required findings of fact. Certainly our facts are different from Boston, supra, but what about any other commercial-truck driver? Are we going to say those drivers are in sole possession and control and therefore impart a form of strict liability? Or are we going to allow the jury to determine—as was requested by this jury—whether the driver knew of the contraband? The drivers and companies are protected from civil forfeiture in this situation by a specific statute. Arkansas Code Annotated section 5—5—201(b)(1) (Repl. 2013) provides that “[n]o conveyance used by any person as a common carrier in the transaction of business as a common carrier is subject to forfeiture under this subchapter unless it appears that the owner or other person in charge of the conveyance was a consenting party or privy to the commission or attempt to commit the offense.” The bar should not be lower to prove a criminal offense. | irI am authorized to say that Judges Klappenbach and Hixson join in this dissent.