Cite as 2025 Ark. App. 309

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-24-662

| | | |
|---|---|---|
| MINOR CHILD | | Opinion Delivered May 14, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE JEFFERSON |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 35JV-24-9] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE EARNEST E. BROWN, JR., JUDGE |
| | | |
| | | AFFIRMED |

**MIKE MURPHY, Judge**

Appellant Minor Child (MC) appeals from the circuit court's adjudication of his delinquency on charges of theft by receiving, a Class B felony.[1] MC's sole point on appeal is that the circuit court erred by failing to grant his motion to dismiss when there was insufficient proof of knowledge or possession to support a finding of delinquency for theft by receiving. We affirm.

An amended petition alleging delinquency was filed against MC and provided that on January 19, 2024, "[MC], in concert with Raymond Chastain (an adult), was in possession

---

[1]Theft by receiving is a Class B felony if the value of the property is twenty-five thousand dollars ($25,000) or more. Ark. Code Ann. § 5-36-106(e)(1) (Repl. 2024).

of a gray 2018 Hyundai Sonata, valued at approximately thirty thousand dollars, that was reported stolen out of Stuttgart early that same day."

During the adjudication proceeding, the State put on four witnesses. The owner of the vehicle and her boyfriend testified that the boyfriend used the car to drive to work at Stuttgart's Riceland Foods. The boyfriend testified that he works the night shift, so he arrived to work at 10:00 p.m. on January 18, and when he went to the parking lot for his break at 3:00 a.m., the car was missing. He reported the car stolen. Once the car was located, the owner of the car testified that it was not damaged. She testified that she did not give MC permission to use her car and that she does not know him and only recognized him from seeing him around town.

Two Pine Bluff police officers testified that witnesses spotted the car in Pine Bluff later that same morning. When the Pine Bluff police were dispatched to the Huddle House restaurant just after 2:00 p.m. that same day, two individuals were found asleep inside the vehicle. MC was in the passenger seat, and Chastain was in the driver's seat. They were awakened and ordered out of the vehicle. Chastain and MC were compliant with the command. Officers searched the vehicle but did not find any other illegal items inside the vehicle.

One of the officers testified that Chastain gave a statement after being Mirandized. In the statement, Chastain said that he just caught a ride with some people to meet a woman in Pine Bluff. He did not know who the other people were in the car, but they asked him

and MC to sit in the vehicle "because they were going to go do something." Chastain said he does not know MC but that MC rode with him from Stuttgart to Pine Bluff.

At the close of the State's case, MC's counsel moved for dismissal, asserting that the State had not met its burden with respect to proof of knowledge or possession. The court noted that the evidence presented was sufficient to surpass the motion and denied it but continued the delinquency adjudication and held the record open for the parties to submit briefs on the issue. The proceeding was continued until after the briefs were submitted, and once it resumed, the motion to dismiss was renewed and again denied, and the defense rested without calling witnesses. The court adjudicated MC delinquent and sentenced him to one year of probation subject to several conditions of supervision, fines, and fees. MC appealed.

The standard of review for sufficiency of the evidence in a juvenile proceeding is the same as in a criminal case: the test for determining sufficient proof is whether there is substantial evidence, direct or circumstantial, to support the verdict. *D.F. v. State*, 2015 Ark. App. 656, at 3, 476 S.W.3d 189, 191. On appeal, we review the evidence in the light most favorable to the State and sustain the conviction if there is any substantial evidence to support it. *Id.* Evidence is substantial if it is forceful enough to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.* In determining whether there is substantial evidence, we consider only that evidence tending to support the verdict. *Id.* We do not weigh the evidence presented at trial because that is a matter for the factfinder. *Id.* Where, as here, the trial is before the bench, the trial judge sits as fact-finder. *Id.*

MC was charged with theft by receiving. A person commits the offense of theft by receiving if he or she receives, retains, or disposes of stolen property of another person knowing that the property was stolen or having good reason to believe the property was stolen. Ark. Code Ann. § 5-36-106(a) (Repl. 2024). "Receiving," as used in this section, means acquiring possession, control, or title or lending on the security of the property. Ark. Code Ann. § 5-36-106(b). The unexplained possession or control by the person of recently stolen property gives rise to a presumption that a person knows or believes that the property was stolen. Ark. Code Ann. § 5-36-106(c)(1).

As an initial matter, MC argues that the presumption set forth in section 5-36-106(c)(1) is unconstitutional. MC made passing references to the argument. However, without further development or a ruling from the court, the issue is not preserved. *See Schermerhorn v. State*, 2016 Ark. App. 395, at 4, 500 S.W.3d 181, 183 ("An ironclad rule of law is that an appellant must raise an issue in the circuit court and support it with a sufficient argument and legal authority, if there is any, to preserve it for an appeal.").

Next, MC argues he was a mere passenger, and there were no attendant circumstances giving rise to a finding of knowledge or possession. Theft by receiving requires at least constructive possession of the stolen property, which means the person has both the power and the intent to control that property. *D.F. v. State*, 2015 Ark. App. 656, at 7–8, 476 S.W.3d 189, 194. In *Avett v. State*, 325 Ark. 320, 322, 928 S.W.2d 326, 327 (1996), the supreme court found that being a passenger in a stolen vehicle is not, standing alone, enough to establish constructive possession. However, a conviction for theft by receiving based on other

4

corroborative evidence of guilt will be upheld. *See Riddle v. State*, 303 Ark. 42, 44, 791 S.W.2d 708, 709 (1990) (affirming because of the appellant's presence in the stolen vehicle along with the additional incriminating factors of his flight from the police and his violent attempt to avoid capture).

In this case, the theory of accomplice liability was implicated. One is an accomplice if he renders the requisite aid or encouragement to the principal with regard to the offense at issue. *Henson v. State*, 94 Ark. App. 163, 168, 227 S.W.3d 450, 453–54 (2006). When two people assist one another in the commission of a crime, each is an accomplice and criminally liable for the conduct of both. *Id.* One cannot disclaim accomplice liability simply because he did not personally take part in every act that went to make up the crime as a whole. *Id.*

Here, the State provided sufficient evidence to prove that MC was an accomplice with Chastain in the crime of theft by receiving. Evidence established that MC rode in the stolen vehicle without permission to travel from Stuttgart to Pine Bluff and then, within hours of its being stolen, used it to sleep inside it in a business parking lot in the middle of the day until awakened and arrested. Notably, both MC and the vehicle originated in Stuttgart and were found together in Pine Bluff along with Chastain. Additionally, the stolen vehicle was found with him in it a few hours later tending to corroborate that MC knew or should have known the property was stolen. *See Benton v. State*, 2012 Ark. App. 71, 388 S.W.3d 488 (possession of recently stolen property gives rise to the presumption that appellant knew the property was stolen).

In accordance with Arkansas Code Annotated section 5-36-106(c)(1), MC was required to plausibly explain how this all amounts to something other than proof of his theft by receiving. Because MC failed to offer any plausible explanation (or any explanation at all) for his possession and use of the stolen vehicle without permission or being an accomplice to someone who did, there is sufficient evidence to support the delinquency adjudication for theft by receiving.

Thus, having reviewed the record and viewing the evidence in the light most favorable to the State, we conclude that substantial evidence supports a finding—without resorting to speculation of conjecture—that MC had constructive possession of the vehicle.

Affirmed.

KLAPPENBACH, C.J., and ABRAMSON, J., agree.

*The Law Office of Geoffrey D. Kearney, PLLC*, by: *Geoffrey D. Kearney*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.