Eric Justin FLOWERS  *v.*  STATE of Arkansas

CA CR 05-21                                         213 S.W.3d 648

Court of Appeals of Arkansas
Opinion delivered September 21, 2005

*Ashcraft, Freeman & Homan Davidson, PLLC*, by; *Cecilia Ashcraft*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

SAM BIRD, Judge. Following a bench trial, appellant Eric Flowers was convicted of failing to register as a sex offender in Arkansas. He received a three-year suspended sentence and a $1000 fine, and he was required to pay court costs and to perform thirty days

of community service. On appeal, he contends (1) that the trial court erred in finding substantial evidence to support his conviction and (2) that it is fundamentally unfair to require him to register as a sex offender. We affirm.

The undisputed facts of this case are as follows. On August 6, 1998, Flowers pled guilty in the Criminal District Court of the Parish of Orleans, Louisiana, to the solicitation of unnatural carnal copulation for compensation, which is prohibited under La. Rev. Stat. Ann. § 14:89(A)(2) (West 2005). He was sentenced to one year in the Louisiana Department of Corrections. Pursuant to La. Rev. Stat. Ann § 15:542(A) (West 1998), Flowers was required to register as a sex offender in Louisiana, and he did so. Flowers was later paroled, but his parole was revoked because he moved to Texas without following the proper procedure. He was returned to Louisiana to serve the remainder of his sentence, and he was released in December 2001. He then moved to Arkansas to live with his mother.

At trial, Detective Steve Weaver of the Van Buren Police Department testified that, in March 2003, the Department received notice from the State of Arkansas's Crime Information Center that Flowers was moving to 314 Crestview in Van Buren, which is located in Crawford County. Detective Weaver said that he attempted to locate Flowers at the residence for "seven or eight months" but was never able to do so. Weaver said that, because the Department never received any paperwork from Flowers, he obtained an arrest warrant due to Flowers's failure to register. In February 2004, Weaver received information that Flowers was living in Fort Smith, which is in Sebastian County. Shortly thereafter, Flowers was arrested in Fort Smith for failure to register as a sex offender.

At the close of the State's case, Flowers moved to dismiss, arguing that Crawford County was an inappropriate venue because no offense occurred in that county and because his duty was to register in Sebastian County. Furthermore, he claimed that he could not be compelled to register in Arkansas, apparently arguing that the Supreme Court of the United States had struck down a similar statute outlawing another sex crime, sodomy, as unconstitutional. The trial court denied the motion.

Flowers then testified in his own defense, claiming that he did move to 314 Crestview in Van Buren to live with his mother after he was released from prison in Louisiana, but he was not

aware that he was required to register as a sex offender. He admitted that he resided at 314 Crestview for "quite a long time, until May or June of 2003." He said that he then moved to Elm Street in Van Buren and lived there until November 2003. After that, he moved to Fort Smith and resided there until he was arrested on February 14, 2004. On cross-examination, Flowers claimed that, while he lived at 314 Crestview, he never went to register with Detective Weaver (of the Van Buren Police Department) because he was not told that he had to do so. Flowers renewed his motion to dismiss at the close of all of the evidence, and the trial court again denied the motion. The court subsequently found Flowers guilty of failing to register as a sex offender in Arkansas.

Flowers's first point on appeal is that the court erred in finding substantial evidence to support his conviction because he did not possess the requisite mental state under the statute requiring him to register as a sex offender. We consider this argument first due to double-jeopardy considerations. *See Stenhouse v. State*, 362 Ark. 480, 209 S.W.3d 352 (2005). The standard of review in cases challenging the sufficiency of the evidence is well established. We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Id.* Our supreme court has repeatedly held that in reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. *Id.* We affirm a conviction if substantial evidence exists to support it. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.*

Arkansas Code Annotated section 12-12-904(a)(1) (Repl. 2003) provides that a person who fails to register as a sex offender shall be guilty of a Class D felony. Our supreme court has said that no scienter is required to trigger this provision; the offender's failure to register alone is sufficient. *Kellar v. Fayetteville Police Dep't*, 339 Ark. 274, 5 S.W.3d 402 (1999). A "sex offender" includes a person who has been adjudicated for an offense of the law of another state when that adjudication requires registration under the other state's sex-offender-registration laws. *See* Ark. Code Ann. § 12-12-903(13)(A) & (12)(A)(iii)(*b*) (Repl. 2003).

■■ Here, Flowers argues that he did not act "purpose-fully, knowingly, or recklessly" and, therefore, he should not have been found guilty of failing to register as a sex offender. However, this argument is raised for the first time on appeal, and, conse-quently, it is not preserved for appellate review. *Ayers v. State*, 334 Ark. 258, 975 S.W.2d 88 (1998). A party cannot change the grounds for objection on appeal, but is bound by the scope and nature of the arguments made at trial. *Henderson v. State*, 329 Ark. 526, 953 S.W.2d 26 (1997). Flowers did not raise his argument concerning mental state below; thus, he is precluded from raising it for the first time on appeal. Furthermore, even were we to address this argument, we would still affirm the denial of Flowers's motion to dismiss because his argument clearly ignores our case law stating that no scienter is required to trigger Arkansas's sex-offender-registration statute.

As his second point, Flowers contends that it is fundamen-tally unfair to require him to register as a sex offender in Arkansas. Apparently, Flowers is asking this court to consider the solicitation of oral sex — the crime of which he was convicted in Louisiana — to be equivalent to sodomy or, alternatively, to prostitution. He asserts that, because any law prohibiting sodomy is now unconsti-tutional in Arkansas, *see Jegley v. Picado*, 349 Ark. 600, 80 S.W.3d 332 (2002), and because prostitution is not a "sex offense" for which one must register as a sex offender in Louisiana or Arkansas, it is "fundamentally unfair" to require him to register as a sex offender in Arkansas.

We reject Flowers's argument. Here, Flowers pled guilty to the solicitation of unnatural carnal copulation for compensation (*i.e.*, the solicitation of oral sex), which is clearly prohibited under La. Rev. Stat. Ann. § 14:89(A)(2). The Louisiana Supreme Court has said that there is nothing constitutionally offensive in prohib-iting this crime. *See State v. Thomas*, 891 So. 2d 1233 (La. 2005).

■ Furthermore, Flowers was required to register as a sex offender in Louisiana and did so. Arkansas law plainly provides that one who is convicted of a crime in another state and is required to register in that state as a sex offender is also required to register in Arkansas. As the State points out in its brief, it is simply immaterial whether Arkansas would punish the solicitation of oral sex as Louisiana does.

Affirmed.

BAKER and ROAF, JJ., agree.