Everett Doyle WELCH *v.* STATE of Arkansas

CR 05-266                                              219 S.W.3d 156

Supreme Court of Arkansas
Opinion delivered December 8, 2005

*Orvin W. Foster*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., *Maggie C.B. Smith*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of Arkansas, and *Darnisa Johnson*, Ass't Att'y Gen., for appellee.

Jim Hannah, Chief Justice. Appellant Everett Welch entered a negotiated guilty plea to one count of possession of methamphetamine with intent to deliver and was sentenced to twelve years' imprisonment by the Howard County Circuit Court. In accordance with Ark. R. Crim. P. 24.3(b), Welch's plea was conditional; therefore, he reserved the right to appeal from the circuit court's denial of his motion to suppress evidence. For reversal, Welch argues that the circuit court erred (1) in determining that he consented to a search of his vehicle, and (2) in failing to suppress evidence stemming from the search of his vehicle where no probable cause or reasonable suspicion existed for the search. We find no error and, accordingly, we affirm. This case is an appeal involving the interpretation of the Arkansas Constitution; our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(1).

*Facts*

The facts in this case are taken from the affidavit for Welch's arrest, as well as testimony given at the suppression hearing. On March 6, 2004, Deputy Brian Cogburn of the Howard County Sheriff's Department made a traffic stop of a vehicle that he had observed speeding on Highway 70, west of Dierks. Radar indicated that the vehicle, driven by Welch, was traveling at seventy-one miles per hour in a fifty-five mile-per-hour zone. Shortly thereafter, Cogburn was joined at the traffic stop by Dierks police

officers Jason Icenhower and Gary Simmons. Cogburn informed Welch of the reason for the stop. He then asked Welch if he could take a look inside the vehicle, and Welch agreed.

Cogburn looked inside the vehicle and noticed that a dashboard panel was loose. According to Cogburn, the panel "had . . . been popped out of the socket where it fits." Cogburn shined his flashlight behind the loose panel and saw a white plastic bottle. He retrieved the bottle, opened it, and discovered six bags of what he thought to be methamphetamine and one bag of what he thought to be heroin.

Welch was charged with one count of possession of methamphetamine with intent to deliver. He filed a motion to suppress, arguing that the search of his vehicle was not a valid consensual search, in that the police officers obtaining the alleged consent did not do so in writing and did not advise him that he had a right to refuse consent to the search. He also argued that the search of the vehicle exceeded the scope of consent given. Finally, Welch argued that the evidence recovered from the search should be suppressed because the search was not conducted pursuant to the issuance of a search warrant, and that probable cause or reasonable suspicion did not exist for such a search, as required by the United States Constitution, the Arkansas Constitution, and the Arkansas Rules of Criminal Procedure. The circuit court denied Welch's motion, and he now brings this appeal.

In reviewing the circuit court's denial of a motion to suppress, this court conducts a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the trial court. *Sims v. State*, 356 Ark. 507, 157 S.W.3d 530 (2004). We reverse only if the circuit court's ruling is clearly against the preponderance of the evidence. *Mann v. State*, 357 Ark. 159, 161 S.W.3d 826 (2004).

We begin by addressing Welch's arguments concerning consent to search. An officer may conduct searches and make seizures without a search warrant or other color of authority if consent is given to the search. Ark. R. Crim. P. 11.1(a). The State has the burden of proving by clear and positive evidence that consent to a search was freely and voluntarily given and that there was no actual or implied duress or coercion. Ark. R. Crim. P. 11.1(b). The United States Supreme Court has held that the test

for a valid consent to search is that the consent be voluntary, and "[v]oluntariness is a question of fact to be determined from all the circumstances." *Ohio v. Robinette*, 519 U.S. 33, 40 (1996) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 248-249 (1973)).

Welch first contends that the alleged consent to search was not valid because the officers never mentioned the word "search" or the words "consent to search" when asking for permission to look inside the vehicle. He argues that because the officers did not specifically ask for consent to *search*, the State cannot meet its burden of proving by clear and positive evidence that the consent was voluntary. At the suppression hearing, Cogburn testified that prior to conducting the search, he asked Welch if he could "look" inside the vehicle. On cross-examination, the following colloquy took place:

> DEFENSE COUNSEL: You never asked him if you could search the vehicle, did you?

> COGBURN: I don't —

> THE COURT: What was the question?

> DEFENSE COUNSEL: I asked him if he ever asked Mr. Welch if he could search his vehicle.

> COGBURN: I can tell you exactly what I asked.

> DEFENSE COUNSEL: Isn't that what you just said, you asked if you could look —

> COGBURN: The same exact words.

> DEFENSE COUNSEL: Okay. So you never asked him for permission to search his vehicle?

> COGBURN: I asked him if he had any alcohol, firearms or drugs inside his vehicle. He said no. And I said, "Do you mind if I look? That was my exact words.

> . . .

> DEFENSE COUNSEL: Okay. And my question is to you: Did you ever ask him for permission to search the vehicle?

COGBURN: I consider that asking for permission, yes, sir.

* * *

■ As noted above, Cogburn testified that he requested that he be allowed to look inside the vehicle. Welch's testimony at the hearing reveals that he consented to allow Cogburn to look inside the vehicle. After obtaining consent, Cogburn looked inside the vehicle and found the plastic bottle. We find no merit in Welch's assertion that his consent to search was not voluntary because he agreed only to allow Cogburn to look inside the vehicle.

■ ■ Welch next argues that even if we find that his consent was valid, the search of his vehicle exceeded the scope of his consent. Pursuant to Rule 11.3 of the Arkansas Rules of Criminal Procedure, a search based on consent shall not exceed, in duration or physical scope, the limits of the consent given. At the suppression hearing, Welch testified that Cogburn asked him if he could look inside the vehicle for a gun. In response to the request, Welch said, "I told him that I guess you can look for a gun, but I don't have no gun, and I stepped out of the vehicle. . . ." In contrast, both Cogburn and Dierks police officer Simmons testified that Cogburn asked for consent to search the vehicle for alcohol, drugs, and guns, and that Welch consented to their requested search. After hearing this testimony, the circuit court determined that Welch consented to a search of his vehicle. In light of this finding, it is clear that the circuit court rejected Welch's argument that he placed a limitation on what the officers could search. It is apparent that the circuit court found the testimony of the officers to be more credible than the testimony of Welch. As we recently stated in *State v. Nichols*, 364 Ark. 1, 216 S.W.3d 114 (2005), this court has never wavered from its long-standing rule that it is the province of the trial court, not this court, to determine the credibility of witnesses.

■ Even assuming Welch consented only for the specific purpose of searching for a gun, his argument is still unavailing. Welch does not contend that he placed a limit on what parts of the vehicle the officer could search. Rather, he appears to suggest that he can place a limit on the type of contraband seized as a result of a consensual search. We find no merit in this argument.

Welch next argues that the alleged consent to the search of his vehicle was in violation of article 2, § 15 of the Arkansas Constitution because the officers did not inform him that he had a right to refuse consent. In support of this argument, Welch cites *State v. Brown*, 356 Ark. 460, 156 S.W.3d 722 (2004),where police officers obtained consent to search a home by means of the knock-and-talk procedure.

This court has held that the knock-and-talk procedure is not per se violative of the Fourth Amendment to the United States Constitution. *See Scott v. State*, 347 Ark. 767, 67 S.W.3d 567 (2002). However, in *Brown*, this court held that, under article 2, § 15 of the Arkansas Constitution, officers who utilize the knock-and-talk procedure are required to inform the home dweller that he or she has the right to refuse consent to the search. *Brown*, 356 Ark. at 474, 156 S.W.3d at 732. Welch argues here, as he did below, that *Brown* should apply to the instant case, and that this court should require officers to inform a citizen that he or she has a right to refuse consent to the search of a vehicle. The circuit court rejected Welch's argument, finding that the holding in *Brown* was confined to a search of the home and did not extend to the search of the vehicle. We agree with the circuit court's finding. Our holding in *Brown* was specific: "We hold that the failure of [the officers] . . . to advise [appellant] that she had the right to refuse consent to the search violated her right. . . against warrantless intrusions into the *home*, as guaranteed by Article 2, § 15, of the Arkansas Constitution." *Brown*, 356 Ark. at 474, 156 S.W.3d at 732 (emphasis added). In the instant case, Welch provides no authority or convincing argument to cause us to extend the holding in *Brown* to the search of a vehicle.

In sum, we agree with the circuit court's finding that Welch consented to a search of his vehicle. And, as previously stated, we agree that the holding in *Brown* does not extend to the search of a vehicle.

We now turn to Welch's remaining arguments on appeal. Welch argues that the search of his vehicle was unreasonable because it was not supported by probable cause or reasonable suspicion and the search did not fall under an exception to the warrant requirement. The State contends that the search did fall under an exception to the warrant requirement, in that it was supported by Welch's consent. The State is correct. Further, we agree with the State's contention that the validity of the consent to

search is related neither to the existence of probable cause or reasonable suspicion, nor to the absence of a warrant. Neither probable cause nor reasonable suspicion is necessary in order for an officer to request consent for a search. *See Muhammad v. State*, 337 Ark. 291, 988 S.W.2d 17 (1999).

■ ■ Additionally, Welch argues that the traffic stop was unreasonable due to the length of his detention. And, finally, Welch appears to argue that the search was unreasonable because it was unrelated to the original purpose of the stop or, likewise, because the stop preceding it was pretextual. Because Welch failed to raise these arguments in his motion to suppress or during the suppression hearing, we will not consider them for the first time on appeal. *See, e.g., Burris v. State*, 330 Ark. 66, 954 S.W.2d 209 (1997). Based on the totality of the circumstances, we hold that the circuit court did not err in denying Welch's motion to suppress.

Affirmed.