104 Ark.App. 268

**Steven Ralph TEATER, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–641.**

Court of Appeals of Arkansas.

Jan. 21, 2009.

Gary McDonald and William A. McLean, El Dorado, for appellant.

Dustin McDaniel, Att'y Gen., by: Brad Newman, Ass't Att'y Gen., for appellee.

KAREN R. BAKER, Judge.

Appellant Steven Ralph Teater was convicted by a jury in Ouachita County Circuit Court of second-degree murder in the death of his wife and attempted second-degree murder of Rod McKinney. He was sentenced to 360 months' imprisonment in the Arkansas Department of Correction. On appeal, he asserts that the trial court erred in granting the State's motion in limine excluding from evidence fifteen text messages found in the cellular phone of his deceased wife and erred in precluding appellant from cross-examining McKinney about the text messages. We affirm appellant's convictions.

The sufficiency of the evidence is not challenged in this case. Rather, appellant challenges the admissibility of the fifteen text messages, and thus, we will only discuss the facts relevant to the those messages. We do note that the majority of the evidence mirrored the evidence presented in the first two trials.[1]

It is undisputed that on January 18, 2003, appellant shot and killed his wife, Becky Teater, and shot and injured Rod McKinney. At trial, he asserted the affirmative defense of mental disease or defect. In essence, he asserted that he suffered from a mental disease or defect stemming from his belief that Becky and McKinney were having an affair.

Just prior to the August 2007 trial, approximately four and one-half years after the shootings, appellant's current wife dis-

---

1. This is appellant's third conviction on these charges. Appellant's previous appeals for the convictions were reversed and remanded for failure to instruct the jury on appellant's affir-mative defense of mental disease or defect. *See Teater v. State,* 89 Ark.App. 215, 201 S.W.3d 442 (2005), and *Teater v. State,* CACR 06–936 (Ark.App. Apr. 4, 2007).

covered fifteen text messages in the outbox of a cellular phone allegedly belonging to Becky. The messages were allegedly addressed to a cellular phone number belonging to McKinney. The text messages were, however, unidentifiable by time or date. The content of the messages was allegedly suggestive of an affair between Becky and McKinney.

Appellant sought to introduce the text messages in an effort to prove that Becky and McKinney were having an affair at the time of the shootings. The State filed a motion in limine to exclude the text messages and preclude appellant from questioning McKinney about the substance of the messages. The court granted the State's motion stating:

> I guess the Defense is contending that these text messages refer—have a bearing, are important, or relevant in the trial because they relate to the state of mind of Mr. Teater.
>
> The Court would disagree. The state of mind of the Defendant most important is his existing state of mind, matters known to him at the time of the offense. And matters that subsequently [came] to his knowledge can't have a bearing on his state of mind at the time of the alleged commission of the offense. So they would have to be excluded as attempting to offer them as extrinsic evidence relative to his state of mind.

■ On appeal, appellant asserts that this ruling was in error. The decision to admit or exclude evidence is within the sound discretion of the trial court, and we will not reverse a trial court's decision regarding the admission of evidence absent a manifest abuse of discretion. *Rollins v. State,* 362 Ark. 279, 208 S.W.3d 215 (2005). Nor will we reverse absent a showing of prejudice, as prejudice is not presumed. *Hanlin v. State,* 356 Ark. 516, 157 S.W.3d 181 (2004).

Appellant asserts that the text messages were relevant as proof of the affair between Becky and McKinney, thereby strengthening appellant's defense of mental disease or defect, and to impeach McKinney's trial testimony that he did not have an affair with Becky. Evidence which is not relevant is not admissible. Ark. R. Evid. 402 (2007). Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ark. R. Evid. 401 (2007). Even if relevant, evidence may nonetheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Ark. R. Evid. 403 (2007); *Simmons v. State,* 95 Ark.App. 114, 234 S.W.3d 321 (2006).

■ Appellant's argument as to relevance fails. The only issue at trial was appellant's defense of lack of capacity in that he lacked the capacity as a result of mental disease or defect to conform his conduct to the requirements of the law or appreciate the criminality of his conduct. *See* Ark.Code Ann. § 5–2–312(a) (Repl. 2006). It was undisputed that appellant believed that Becky and McKinney were having an affair and that appellant shot both Becky and McKinney. Even so, the messages were not relevant to establish his defense. First and foremost, the text messages were not discovered until 2007, approximately four and one-half years after the shootings. Appellant does not assert that he had knowledge of the text messages prior to his shooting of the victims. Because appellant was not aware of the text messages at the time of the shootings, the fact that they may have existed at the time he shot the victims can have no probative value regarding his mental state. Therefore, the trial court did not abuse its

discretion in excluding the proffered evidence. *See Walker v. State,* 304 Ark. 393, 803 S.W.2d 502 (1991) (stating that abuse of discretion is a high threshold that does not simply require error in the trial court's decision, but establishes that the trial decision was arbitrary and groundless).

Furthermore, appellants asserts that pursuant to Ark. R. Evid. 608[2] the text messages were admissible to impeach McKinney's credibility as to whether he and Becky had an affair. Appellant fails, however, to demonstrate how the trial court abused its discretion in precluding him from questioning McKinney as to the content of the text messages. Arkansas Rule of Evidence 608(b) (2007) states:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of a crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

We acknowledge the general proposition that matters affecting the credibility of a witness are always relevant. *See Swinford v. State,* 85 Ark.App. 326, 154 S.W.3d 262 (2004). At issue at the trial, however, was whether appellant lacked the capacity to conform his conduct to the requirements of the law or appreciate the criminality of his conduct. Appellant contends that had the jury known of the prof-

fered evidence, the jury would have found McKinney's testimony regarding the details and events of the shooting to be less credible. However, nothing in McKinney's testimony related to appellant's demeanor at the time of the shooting or any other factual issue that could assist the jury in determining whether appellant had the capacity to conform his conduct to the requirements of the law. McKinney's testimony regarding the shootings consisted of a narrative of facts that were not in dispute. Appellant's attempt to discredit McKinney regarding the existence of the affair simply has no bearing on his defense of mental disease or defect.

Based on the foregoing, we affirm appellant's convictions.[3]

Affirmed.

HART and ROBBINS, JJ., agree.

---

2. Appellant mistakenly cites to Rule 806; however, his argument is premised on the wording in Rule 608.

3. Appellant argues further that the text messages were not hearsay. But, given his failure to establish relevance, we need not address his argument as to whether the text messages were properly excludable as hearsay.