

# ARKANSAS COURT OF APPEALS

DIVISIONS I & IV
**No.** CR–15–78

| | |
|---|---|
| D.F.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** November 12, 2015<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT<br>[NO. JV2014-240]<br><br>HONORABLE LEE FERGUS, JUDGE<br><br>REVERSED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's adjudication of his delinquency on charges of theft by receiving, a Class C felony.[1] Appellant's sole point on appeal is that the circuit court erred by failing to grant his motion for directed verdict[2] when the sole evidence came from the testimony of a codefendant who had pled guilty[3] to charges prior to appellant's trial.[4] We reverse.

On August 23, 2014, appellant was a passenger in a stolen 2011 Kia Optima when he was apprehended by Officer Daniel Bradway, employed by Arkansas State University,

---

[1] Appellant did not include the charge for minor in possession in his motion for directed verdict and does not make an argument regarding the charge before this court.

[2] Although appellant made a motion for directed verdict during the adjudication and argues on appeal error in denial of the motion for directed verdict, a motion for dismissal is generally made during a nonjury trial. Ark. R. Crim. P. 33.1.

[3] Appellant's brief does not state to what the codefendant, S.B., pled guilty.

[4] Three other co-defendants are appellants in companion cases decided today based on the same analysis related to identical charges: *A.I.M. v. State*, CR-15-79; *J.F. v. State*, CR-15-72; and *I.G. v. State*, CR-15-74.

on its campus.    Appellant and the other passengers were taken into custody by the Jonesboro Police Department.

On September 14, 2014, appellee filed a petition alleging that appellant was a delinquent juvenile by virtue of committing the offense of theft by receiving, a Class C felony. A trial on the petition was held on October 29, 2014, and an order of probation was entered on the same date adjudicating appellant delinquent. Appellant was sentenced to probation; to pay court costs, fees, and restitution; to perform eighty hours of public service work; a curfew of 8:00 pm; and ninety days in the Craighead County juvenile detention center, all ninety of which were deferred.

This timely appeal followed.

Appellant's sole argument is that his motion for directed verdict should have been granted on the basis that the only evidence against him was a codefendant's testimony, which he argues was insufficient to support a finding of delinquency. While proceedings involving juveniles are considered to be civil cases, our Juvenile Code expressly provides that the Arkansas Rules of Criminal Procedure apply to delinquency proceedings.[5]

Rule 33.1 of the Arkansas Rules of Criminal Procedure provides in relevant part that in a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence and shall state the specific grounds therefor.[6] Because this was a bench trial, appellant's motion for directed verdict was in reality a motion to dismiss, and

---

[5] Ark. Code Ann. § 9–27–325(f) (Supp. 2001); *See T.C. v. State*, 2010 Ark. 240, at 8, 364 S.W.3d 53, 59 (citing Ark. Code Ann. § 9–27–325(f) (Repl. 2009); *Jones v. State*, 347 Ark. 409, 64 S.W.3d 728 (2002)).

[6] Ark. R. Crim. P. 33.1(b).

we treat it as such.[7] A motion to dismiss at a bench trial is identical to a motion for directed verdict at a jury trial in that it is a challenge to the sufficiency of the evidence.[8]

The standard of review for sufficiency of the evidence in a juvenile proceeding is the same as in a criminal case.[9] In *L.C. v. State*, this court stated the following:

> The test for determining sufficient proof is whether there is substantial evidence, direct or circumstantial, to support the verdict. On appeal, we review the evidence in the light most favorable to the State and sustain the conviction if there is any substantial evidence to support it. Evidence is substantial if it is forceful enough to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. In determining whether there is substantial evidence, we consider only that evidence tending to support the verdict. We do not weigh the evidence presented at trial, as that is a matter for the fact-finder. Where, as here, the trial is before the bench, the trial judge sits as fact-finder.[10]

Appellant's sole point on appeal is that the trial court erred in failing to grant his motion for a directed verdict when the sole evidence came from the testimony of a codefendant. Under Arkansas law concerning accomplice testimony, a person cannot be convicted based on the testimony of an accomplice "unless corroborated by other evidence tending to connect the defendant . . . with the commission of the offense."[11] Corroboration is not sufficient if it "merely shows that the offense was committed and the

---

[7] *Cora v. State*, 2009 Ark. App. 431, at 3, 319 S.W.3d 281, 283 (citing *Stewart v. State*, 362 Ark. 400, 208 S.W.3d 768 (2005)).

[8] *L.C. v. State*, 2012 Ark. App. 666, at 8, 424 S.W.3d 887, 892 (citing *Green v. State*, 2012 Ark. App. 315, at 6, 416 S.W.3d 765, 768).

[9] *Pack v. State*, 73 Ark. App. 123, 130, 41 S.W.3d 409, 414 (2001).

[10] *L.C.*, *supra.* (Internal citations omitted).

[11] Ark. Code Ann. § 16–89–111(e)(1)(A) (Supp. 2015).

circumstances of the offense."[12] Corroborating evidence must be evidence of a substantive

nature since it must be directed toward proving the connection of the accused with a

crime and not toward corroborating the accomplice testimony.[13] The corroborating

evidence need not be sufficient standing alone to sustain the conviction, but it must,

independent from that of the accomplice, tend to connect to a substantial degree the

accused with the commission of the crime.[14]

The test is whether, if the testimony of the accomplice was completely eliminated

from the case, the other evidence independently establishes the crime and tends to

connect the accused with its commission.[15] The corroborating evidence may be

circumstantial so long as it is substantial; evidence that merely raises a suspicion of guilt is

insufficient to corroborate an accomplice's testimony.[16] The presence of an accused in the

proximity of a crime, opportunity, and association with a person involved in the crime in

a manner suggestive of joint participation are relevant facts in determining the connection

of an accomplice with the crime.[17]

---

[12] Ark. Code Ann. § 16-89-111(e)(1)(B).

[13] *Woodson v. State*, 2009 Ark. App. 602, at 8, 374 S.W.3d 1, 5 (citing *Stephenson v. State*, 373 Ark. 134, 282 S.W.3d 772 (2008)).

[14] *Id.*, 2009 Ark. App. 602, at 8, 374 S.W.3d at 6.

[15] *Id.* (citing *Stephenson*, *supra*).

[16] *Id.*

[17] *Id.* (citing *Passley v. State*, 323 Ark. 301, 915 S.W.2d 248 (1996)).

Appellant was charged with theft by receiving, a Class C felony. Arkansas Code Annotated section 5-36-106 states that a person commits the offense of theft by receiving if he or she receives, retains, or disposes of stolen property of another person knowing that the property was stolen or having good reason to believe the property was stolen.[18] "Receiving, as used in this section, means acquiring possession, control, or title or lending on the security of the property."[19] The unexplained possession or control by the person of recently stolen property gives rise to a presumption that a person knows or believes that the property was stolen.[20]

Appellant argues that the only evidence corroborating S.B.'s testimony was that of S.B.'s sister, who testified that she knew appellant and the other passengers in the stolen car and that all of them, appellant included, had seen her vehicle before. Appellant points out that he testified that he had never met the codefendant's sister, whom he was told the car belonged to, and had never seen the sister's car before.

If we were to remove the codefendant's testimony that appellant and the other codefendants were with him when he stole the car[21] and when he threw away the victim's golf clubs, the remaining evidence is as follows:

1. Officer Bradway's testimony that appellant, along with his codefendants, was a passenger in the stolen vehicle that he stopped on August 23, 2014, and that a set of golf clubs was missing from the vehicle;

---

[18] Ark. Code Ann. § 5–36–106(a)(1) & (2) (Repl. 2015).

[19] Ark. Code Ann. § 5–36–106(b).

[20] Ark. Code Ann. § 5–36–106(c)(1).

[21] S.B. admitted that he had stolen a different car that morning, but that no one was with him when he did so.

2. Officer Nicholas Dean's testimony that the vehicle had been stolen the night before according to the victim;

3. The victim's testimony that there were some golf clubs worth $1,593.94 in his car when it was stolen, that he did not give appellant or any of his codefendants permission to drive his car, and his assertion that he did not know appellant or his codefendants;

4. Codefendant T.H.'s testimony that appellant did not get in the stolen car when they initially stole it, but that he did get in it later that day and that all the codefendants were together when S.B. threw the golf clubs away;

5. Testimony from Billy Fitzpatrick, appellant's father, that that he did not hear codefendant S.B. say that the car was stolen and that Billy had allowed appellant and his other son, codefendant J.F., to go with S.B. because all the kids had told him the car belonged to S.B.'s sister;

6. Billy Fitzpatrick's testimony that he did not have "any more interaction" with S.B. or T.H. on August 23, 2014, and that August 23, 2014, was the first time he had ever met S.B.;

7. Testimony from J.F. that he never saw any golf clubs, was not present when the golf clubs were thrown away, that S.B. had told him that the stolen vehicle belonged to his sister, and that S.B. "had never lied to [J.F.] before so [J.F.] had no reason to not believe him at [that] time";

8. Testimony from J.F. that S.B. had told all the codefendants, including appellant, that the car belonged to S.B.'s sister;

9. Testimony from codefendant A.I. that he didn't know S.B. very well, but he "thought we could trust him enough to go with him" and was not present when the golf clubs were thrown away;

10. Appellant's testimony that he did not know S.B. before he picked them up, that he "just went along for the ride[,]" and was not with S.B. when he threw the golf clubs away;

11. Codefendant I.G.'s testimony that he was not present when S.B. threw the golf clubs away; that S.B. had told them all that the car belonged to his sister, which they all told appellant's dad; and that he met S.B. for the first time on August 23, 2014; and

12. Testimony from Haley Carter, S.B.'s sister, that she had seen all the codefendants and that they all had seen her car, "a black 2014 Impala which is nothing like the car that they stole."

The majority of the evidence supporting appellant's assertion that he should not have been found delinquent on the charges came from his own testimony and that of his codefendants. The circuit court is not required to believe the testimony of any witness, certainly not the self-serving testimony of the accused.[22] Arkansas's appellate courts have never wavered from the longstanding rule that it is the province of the circuit court to determine the credibility of witnesses.[23] The circuit court's ruling will not be reversed unless it is clearly erroneous.[24]

Still, excluding S.B.'s testimony that appellant was with him when he stole the car and threw away the golf clubs, and assuming from its finding of delinquency that the circuit court found none of the testimony of appellant or the codefendants to be credible, the remaining corroborating evidence for theft by receiving is that appellant was in the stolen car when he was taken into custody and Carter's testimony that appellant had seen her car before, which looked nothing like the stolen car. Theft by receiving requires at least constructive possession of the stolen property, which means the person has both the power and the intent to control that property.[25] Accordingly, being a passenger in a stolen

---

[22] *Collins v. State*, 2014 Ark. App. 574, at 4, 446 S.W.3d 199, 203 (citing *Bell v. State*, 2010 Ark. App. 813, 379 S.W.3d 748).

[23] *Id.* (citing *Welch v. State*, 364 Ark. 324, 219 S.W.3d 156 (2005)).

[24] *Hunter v. State*, 316 Ark. 746, 752, 875 S.W.2d 63, 66 (1994).

[25] *Riddle v. State*, 303 Ark. 42, 791 S.W.2d 708 (1990).

vehicle is not, standing alone, enough to establish constructive possession.[26] We cannot find that such evidence is sufficient to support an adjudication of delinquency on theft by receiving without resorting to prohibited suspicion and conjecture. While the evidence shows that the crime of theft by receiving was committed, it fails to connect appellant to the crime. Accordingly, we reverse.

Reversed.

VIRDEN, HARRISON, KINARD, and GLOVER, JJ., agree.

GLADWIN, C.J., dissents.

**ROBERT J. GLADWIN, Chief Judge, dissenting.** I dissent because appellant's sole argument on appeal is that the circuit court erred in denying his motion to dismiss at the adjudication hearing because the accomplice testimony was not sufficiently corroborated with respect to the crime of theft by receiving. He failed to address the fact that the October 29, 2014 order of probation also specifically lists the adjudication of delinquency on the charge of minor in possession, in violation of Arkansas Code Annotated section 3-3-203 (Supp. 2015), and does not separate the resulting disposition of that offense from the disposition of theft by receiving, in violation of Arkansas Code Annotated section 5-36-106 (Repl. 2013). Section 3-3-203(f) (Supp. 2013) provides as follows:

> A person under eighteen (18) years of age who violates this section is subject to the Arkansas Juvenile Code of 1989, § 9-27-301 et seq.

---

[26] *Avett v. State*, 325 Ark. 320, 928 S.W.2d 326 (1996).

Arkansas Code Annotated section 9-27-330 (Repl. 2009) covers the disposition alternatives upon a circuit court's adjudication of delinquency and provides, in relevant part, as follows:

> (a) If a juvenile is found to be delinquent, the circuit court may enter an order making any of the following dispositions based upon the best interest of the juvenile:
>
> . . . .
>
> (4)(A) Place the juvenile on probation under those conditions and limitations that the court may prescribe pursuant to § 9-27-339(a).

Arkansas Code Annotated section 9-27-339(a)(1) (Repl. 2009) provides:

> (a)(1) After an adjudication of delinquency, the court may place a juvenile on probation. The conditions of probation shall be given to the juvenile in writing and shall be explained to him or her and to his or her parent, guardian, or custodian by the probation officer in the initial conference following the disposition hearing.

The terms and conditions of appellant's probationary sentence are contained in the October 29, 2014 order of delinquency.

The majority opinion acknowledges that this is a civil proceeding, so even though the rules of criminal procedure apply to the adjudication hearing, appeals are governed by civil law. When a party appealing from a ruling leaves an alternate, independent ground unchallenged, the circuit court's ruling must be affirmed. *Pearrow v. Feagin*, 300 Ark. 274, 778 S.W.2d 941 (1989); *Bovee v. State*, 2011 Ark. App. 158; *Ross v. Bugaj*, 2010 Ark. App. 656. Because appellant failed to challenge the circuit court's alternative ground for the adjudication of delinquency, specifically with respect to the adjudication on the minor-in-

possession offense, and because we hold that the probationary sentence implemented by the circuit court was reasonable pursuant to the terms of sections 3-3-203, 9-27-330, and 9-27-331, we are precluded from addressing appellant's argument with respect to the additional adjudication of the theft-by-receiving charge. *See also Pugh v. State*, 351 Ark. 5, 89 S.W.3d 909 (2002).

Finally, the reversal of the theft-by-receiving conviction amounts to little more than an advisory opinion. Appellant's adjudication of delinquency remains in effect pursuant to the finding regarding the charge of minor in possession, as does the resulting sentence pursuant to the October 29, 2014 order of probation. Accordingly, I dissent.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.