SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CR-13-784

| | | |
|---|---|---|
| STATE OF ARKANSAS | | **Opinion Delivered** March 13, 2014 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-1988-1155] |
| V. | | |
| SAMUEL KHABEER | | HONORABLE BARRY SIMS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

### DONALD L. CORBIN, Associate Justice

Appellant, the State of Arkansas, appeals from the order of the Pulaski County Circuit Court granting the motion of Appellee, Samuel Khabeer, to terminate his obligation to register as a sex offender. The State also appeals from the order denying its motion for reconsideration. The State's sole point on appeal is that the circuit court erred in terminating his obligation to register as a sex offender upon concluding that Appellee was not likely to pose a threat to the safety of others. We cannot say that the circuit court's decision was clearly erroneous and therefore affirm.

Appellee entered a negotiated plea of guilty to one count of first-degree sexual abuse in April 1989. The Pulaski County Circuit Court entered an order on April 24, 1989, nunc pro tunc to April 12, 1989, sentencing Appellee to ten years' probation. In March 2013, Appellee filed a motion pursuant to Arkansas Code Annotated section 12-12-919 (Repl. 2009 & Supp. 2013), in which he asked the Pulaski County Circuit Court to terminate his

SLIP OPINION

obligation to register as a sex offender. At the conclusion of a hearing held on May 28, 2013, the circuit court ruled from the bench and granted the motion without explanation. A written order was entered of record the same day also granting the motion without explanation. After filing a timely motion for reconsideration, which the circuit court denied by written order filed July 1, 2013, the State filed the instant appeal from both the order granting Appellee's motion and the order denying the State's motion for reconsideration. Because this is a collateral proceeding that is civil in nature despite having been assigned a criminal docket number, the State need not satisfy the requirements of Rule 3 of the Arkansas Rules of Appellate Procedure–Criminal governing State appeals in criminal cases. *State v. Miller*, 2013 Ark. 329.

Our review of the circuit court's decision in a civil bench trial is subject to the clearly erroneous standard, as provided in Rule 52 of the Arkansas Rules of Civil Procedure. *Miller*, 2013 Ark. 329. A finding is clearly erroneous when, although there is evidence to support it, after reviewing the entire evidence, we are left with the definite and firm conviction that a mistake has been committed. *Johnson v. State*, 2014 Ark. 74. Disputed facts and determinations of credibility are within the province of the fact-finder. *State v. Jernigan*, 2011 Ark. 487, 385 S.W.3d 776.

This court recently explained the statutory procedure at issue in this appeal as established by the General Assembly and interpreted by this court:

> Pursuant to Arkansas Code Annotated section 12-12-919(b)(1) (Repl. 2009), a sex offender previously obligated to register on the Arkansas Sex Offender Registry may apply to the sentencing court for an order terminating that obligation fifteen years

after either the release from incarceration or other institution or having been placed on probation or any other form of community supervision by the court. *See also Harrell v. State*, 2012 Ark. 421. Subsection (b)(2) further instructs that,

(2) The court shall grant an order terminating the obligation to register upon proof by a preponderance of the evidence that:

> (A) The applicant placed on parole, supervised release, or probation has not been adjudicated guilty of a sex offense for a period of fifteen (15) years after the applicant was released from prison or other institution; and

> (B) The applicant is not likely to pose a threat to the safety of others.

Ark. Code Ann. § 12-12-919(b)(2)(A), (B).

*Miller*, 2013 Ark. 329, at 2–3.

We turn now to the merits of the State's appeal in this case. For reversal, the State contends that the circuit court clearly erred in concluding that Appellee was not likely to pose a threat to the safety of others and could therefore be relieved of his obligation to register as a sex offender. The State points out that Appellee was the sole witness to testify in support of his motion and that he did not specifically address the statutory requirement that he was not likely to pose a threat to the safety of others. Instead, Appellee testified about the sex crime to which he pleaded guilty and two, more recent, crimes that the State describes as violent crimes—one for resisting arrest in 1998 and one for third-degree domestic battery in 2008. The State emphasizes its lengthy cross-examination of Appellee about all three crimes and his application for a pardon in which Appellee blamed others for his conduct. The State also emphasizes on appeal the arguments raised in its motion to reconsider, wherein the State

recounted Appellee's testimony and emphasized his lack of remorse, his more recent crimes, and his stated desire to work with children as a high school teacher and coach.

The State asserts that this is not a case involving the circuit court's judgment of credibility to which we must defer. Rather, the State views this case as one in which Appellee did not meet his burden of proof on the statutory requirement that he is not likely to pose a threat to the safety of others. In short, the State maintains that the record demonstrates that the circuit court made a mistake. To the extent that the State's argument is a challenge to the sufficiency of the evidence, we note that Rule 52(b)(2) provides that the question of the sufficiency of the evidence to support the findings made in a bench trial "may thereafter be raised whether or not the party raising the question has made in the circuit court an objection to such findings or has made a motion to amend them or a motion for judgment." Ark. R. Civ. P. 52(b)(2) (2013).

Appellee responds that the State's assertion that there is no credibility issue here is simply incorrect. Appellee maintains that the circuit court heard his testimony, both on direct examination and cross-examination, and then made a credibility judgment that he was not likely to pose a threat to the safety of others. To support this decision of the circuit court, Appellee emphasizes his testimony that it had been twenty-three years since the crime to which he pleaded guilty had occurred, and that, although he was in the eleventh grade at the time he was arrested, he was only twelve or thirteen years of age at the time he was alleged to have raped or sexually assaulted his then eight-year-old niece. He also testified that he had pleaded guilty, not necessarily because he felt responsibility for the crime, but because his

4

mother asked him to and because he noticed the incident was taking a toll on his mother. Additionally, Appellee testified that he had since repaired his relationship with his sister, the mother of his niece. Appellee also emphasizes that the only two incidents occurring during those twenty-three years that could be interpreted as posing a threat to the safety of others both stemmed from domestic disputes with his former wives. The first incident was in 1998 and resulted in a finding of guilt for resisting arrest. Appellee testified that the police sprayed him with pepper spray as he was aggressively trying to enter his house after his then wife had locked him out while he was clothed only in his underwear. The second incident occurred in 2008 and resulted in a charge of third-degree domestic battery. Appellee explained on cross-examination that he did not dispute the charges because he was trying to reconcile with his then wife and to save his marriage. Additionally, Appellee points out that the circuit court sealed the record in his criminal case in 2003. In short, Appellee maintains that the circuit court made a judgment call that he was not likely to pose a threat to the safety of others and that the record demonstrates that this finding was not clearly erroneous.

In reply, the State asserts that, even assuming for the sake of argument that Appellee was credible, his testimony, which was the only evidence he offered in support of his motion, simply does not support a finding that he no longer posed a threat to the safety of others. In short, the State replies that Appellee's own testimony is too little evidence to support the circuit court's finding. The State replies alternatively that, even if there is some evidence to support the circuit court's finding, the clearly erroneous standard of review calls for reversal if this court is left with a definite and firm conviction that the circuit court made a mistake.

SLIP OPINION

The statute contains mandatory language and is clear that the circuit court "shall grant an order terminating the obligation to register [as a sex offender] upon proof by a preponderance of the evidence" of the statutory requirements. Ark. Code Ann. § 12-12-919(b)(2). Here, the State challenges the circuit court's finding only as to the requirement that Appellee "is not likely to pose a threat to the safety of others." *See* Ark. Code Ann. § 12-12-919(b)(2)(B). Appellee testified on direct examination that, since pleading guilty twenty-three years earlier, he had completed high school and college. Also on direct examination, he explained the 1998 conviction for resisting arrest and the 2008 incident regarding third-degree domestic battery as being the result of his attempts to cover himself and to reconcile with his wife rather than contest the charges. The State conducted a very lengthy and extensive cross-examination about both the 1998 and 2008 incidents and about the issue of Appellee being a threat to the safety of others. Thus, despite the State's assertion to the contrary in this appeal, the record does reflect that the circuit court made a credibility determination in reaching its conclusion to grant Appellee's motion and to terminate his obligation to register as a sex offender.

While his own testimony was indeed the only evidence that Appellee presented in support of his motion, the State cites us to no authority for the proposition that an applicant's testimony alone is insufficient to support the circuit court's conclusions pursuant to section 12-12-919. It is not apparent to us that the State's argument is well-taken, given that the statute does not establish any requirements for the source of the evidence needed to demonstrate the statutory requirements by the preponderance burden. The statute requires

only that the circuit conduct a hearing at which "the applicant and any interested persons may present witnesses and other evidence." Ark. Code Ann. § 12-12-919(b)(1)(B)(i). In addition, although the State emphasizes that Appellee refused to accept responsibility for his actions during his testimony as well as within his recent applications for a pardon, we noted in *Miller* that there is no requirement in section 12-12-919 that an applicant admit guilt.

Our review of the record reveals that, as was the case in *Miller*, this is a case in which we must defer to the circuit court's superior position to judge witness credibility and refrain from substituting our judgment for that of the circuit court's. There was testimony from Appellee explaining that the two subsequent crimes at issue occurred not necessarily because Appellee posed a threat to the safety of others, but because he was trying to cover himself in clothing and to save his marriage. This is therefore not a failure of proof, as the State contends, but a credibility determination by the circuit court. The credibility of the witness in this instance was for the trial court to weigh and assess. *See State v. McFadden*, 327 Ark. 16, 938 S.W.2d 797 (1997). This court gives high deference to the circuit court because that court is in a far superior position to observe the parties before it and to judge the credibility of the witnesses. *Payne v. Ark. Dep't of Human Servs.*, 2013 Ark. 284. Of significance to this court in this case is that the circuit court observed Appellee's conduct and demeanor as he endured the State's extensive cross-examination. Ordinarily, this court does not reverse a trial court when its decision turns largely on disputed facts and witness credibility, as we accede to that court's superior position to observe the witnesses and gauge their demeanor. *Dopp v. Sugarloaf Min. Co.*, 288 Ark. 18, 702 S.W.2d 393 (1986). Based on the record before us, and

the circuit court's credibility determination, we cannot say that the circuit court clearly erred in concluding that Appellee had proved by a preponderance of the evidence that he was not likely to pose a threat to the safety of others. Accordingly, we must therefore affirm the circuit court's decision terminating his obligation to register as a sex offender.

Affirmed.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

*Frye Law Firm, P.A*, by: *William C. Frye*, for appellee.