

# SUPREME COURT OF ARKANSAS

### No. CR-13-979

| | |
|---|---|
| XAVIER FRANCIS HAYNES<br><div align="right">APPELLANT</div> | Opinion Delivered April 3, 2014 |
| V. | PRO SE MOTION FOR TRANSCRIPT AND FOR EXTENSION OF TIME TO FILE BRIEF [SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT, NO. 66CR-93-152] |
| STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | HONORABLE STEPHEN TABOR, JUDGE |
| | APPEAL DISMISSED; MOTION MOOT. |

## PER CURIAM

In 1993, appellant Xavier Francis Haynes entered a plea of guilty to attempted rape in 66CR-93-152 in the Sebastian County Circuit Court, Fort Smith District. He was sentenced to five years' imprisonment with suspended imposition of an additional ten-year term.

On June 19, 2013, while serving terms of imprisonment for felony offenses committed after he was released from prison on the conviction in 66CR-93-152, appellant filed in the trial court an application in 66CR-93-152 to be relieved of the obligation to register as a sex offender under Arkansas Code Annotated section 12-12-919(a).[1] Following a hearing, the trial court entered an order denying appellant's application on the basis that he had failed to present

---

[1]The copy of the judgment-and-commitment order included in the record in the matter does not contain a notation that appellant was required to register as a sex offender, but appellant did not contend in his application that the sex-offender-registration requirement did not apply to him.

SLIP OPINION

evidence that he was not likely to pose a threat to the safety of others. Appellant has lodged an appeal from that order.[2] Now before us is appellant's motion to obtain the transcript and for extension of time to file a brief.

As we find no merit to the appeal, the appeal is dismissed, and appellant's motion is moot. This court has consistently held that an appeal from the denial of postconviction relief will not be permitted to go forward where it is clear that appellant could not prevail. *Munson v. Ark. Dep't of Corr. Sex Offender Screening & Risk Assessment*, 369 Ark. 290, 253 S.W.3d 901 (2007).

Pursuant to Arkansas Code Annotated section 12-12-919(b)(1) (Repl. 2009), a sex offender previously obligated to register on the Arkansas Sex Offender Registry may apply to the sentencing court for an order terminating that obligation fifteen years after either the release from incarceration or other institution, or fifteen years after having been placed on probation or any other form of community supervision by the court. Subsection (b)(2) further instructs:

> (2) The court shall grant an order terminating the obligation to register upon proof by a preponderance of the evidence that:
>
> (A) The applicant placed on parole, supervised release, or probation has not been adjudicated guilty of a sex offense for a period of fifteen (15) years after the applicant was released from prison or other institution; and
>
> (B) The applicant is not likely to pose a threat to the safety of others.

Ark. Code Ann. § 12-12-919(b)(2).

---

[2]The application at issue is the second application to be relieved of the obligation to register as a sex offender filed by appellant in this case. The trial court denied his first application on May 14, 2012. Approximately six months later, appellant filed a motion for reconsideration. The trial court denied the motion, and appellant lodged an appeal in this court from that order. We granted the appellee State's motion to dismiss the appeal by syllabus entry dated May 9, 2013.

SLIP OPINION

At the hearing, appellant did not present any evidence or testimony to prove that he is not likely to pose a threat to the safety of others. Instead, he relied solely on his application in which he stated that he had not been adjudicated guilty of a sex offense for fifteen years since his release from prison for the offense that had resulted in his being ordered to register as a sex offender. Arguing that appellant did pose a threat to the safety of others, the appellee State introduced into evidence two judgment-and-commitment orders entered in the Crawford County Circuit Court. The first order, entered June 10, 2010, reflected that appellant had entered a negotiated plea of guilty to one count of failure to register as a sex offender. The second order, entered January 11, 2008, reflected that appellant had entered a negotiated plea of guilty to conspiracy to deliver methamphetamine. The State also asked the trial court to take judicial notice of appellant's five convictions in the Sebastian County Circuit Court—four drug convictions and a conviction of conspiracy to commit aggravated robbery. Based on its finding that appellant failed to present any proof that he did not pose a threat to the safety of others, the trial court denied appellant's application.

The instant appeal is civil in nature. *See State v. Miller*, 2013 Ark. 329. Bench trials of civil matters occurring on or after July 1, 1979, are subject on appeal to the clearly erroneous standard. *See* Ark. R. Civ. P. 52; *see also State v. Jerrigan*, 2011 Ark. 487, 385 S.W.3d 776. Based on the lack of evidence presented at the hearing, this court cannot hold that the trial court was clearly erroneous in finding that appellant failed to meet his burden of proof required to terminate his obligation to register as a sex offender. Unlike *Miller*, 2013 Ark. 329, and *State v. Khabeer*, 2014 Ark. 107, cases that involved the credibility of the evidence presented to support

3

the claim that the applicant is not likely to pose a threat to the safety of others, the instant case involves a failure of proof. Because appellant could not prevail on appeal, his appeal is dismissed, and his motion is moot.

Appeal dismissed; motion moot.

HART, J., would deny by syllabus entry.

*Xavier Francis Haynes*, pro se appellant.

No response.