# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–15–576

| | |
|---|---|
| GERALD STOW<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** February 10, 2016<br><br>APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT [NO. CV-2013-83-3]<br><br>HONORABLE JOHN R. PUTMAN, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

Gerald Stow appeals from an order of the Baxter County Circuit Court denying his request to terminate his obligation to report as a sex offender. He argues that (1) the circuit court erroneously interpreted Arkansas Code Annotated sections 12–12–906 and 12–12–919 and (2) the circuit court's conclusion that Stow posed a threat to the safety of others was clearly erroneous. We affirm.

Gerald Stow pled guilty to aggravated incest of his daughter in 1989. Under Colorado law, Stow's aggravated–incest conviction required him to register as a sex offender for the remainder of his life. In April 2012, Stow was arrested for failing to register as a sex offender in Arkansas. After registering as a sex offender in Arkansas, Stow petitioned the circuit court to relieve him from his sex-offender reporting requirements.

The circuit court, after holding a hearing and receiving briefs, entered a written order dismissing Stow's petition in March 2015. The circuit court found that Ark. Code Ann. § 12-12-906(a)(2)(B)(1) requires Stow to register as a sex offender in Arkansas "for the remainder of his natural life, because of his obligation to do so in Colorado." Therefore, the court concluded, Stow was not eligible to apply to have his obligation to register terminated. The second, alternative basis upon which the circuit court decided this case was that Stow failed to prove that he was not likely to pose a safety threat to others under Ark. Code Ann. § 12-12-919. The court's factually based conclusion primarily rested on the "Risk Assessment and Offender Profile Report" that the Arkansas Department of Correction prepared and which the State introduced as evidence at the hearing.

We expressly decline to address the issue of first impression presented in this case because it is not necessary to our decision. The issue of first impression is whether someone who must register as a sex offender for life in the state he or she was convicted in must also perform a lifetime of registration in Arkansas. Even assuming Stow was eligible to apply to terminate his registration obligation in Arkansas, the circuit court did not err when it denied his petition. The circuit court found that Stow failed to prove that he was not likely to pose a safety threat to others, and this finding is not clearly erroneous.

Arkansas Code Annotated section 12-12-919(b)(1)(A)(i) states,

> Any other sex offender [meaning a person not required to report for a lifetime] required to register under this subchapter may apply for an order terminating the obligation to register to the sentencing court fifteen (15) years after release from incarceration or other institution or fifteen (15) years after having been placed on probation or any other form of community supervision by the court.

SLIP OPINION

Section 12–12–919(b)(2)(B) provides that "[t]he court shall grant an order terminating the obligation to register upon proof by a preponderance of the evidence that . . . [t]he applicant is not likely to pose a threat to the safety of others." We review the circuit court's findings on a section 12–12–919(b)(2)(B) petition under a clearly-erroneous standard of review. *See State v. Khabeer*, 2014 Ark. 107. A finding is clearly erroneous, when, although there is evidence to support it, we are left with the definite and firm conviction that a mistake was made. *Id.*

Stow called several witnesses in support of his case that he was not likely to pose a threat to others' safety. Stow's pastor, Tad Rogers, testified that Stow had been "up-front and candid" about his history, that Stow was careful to not be around children at the church, and that Rogers had no concerns about his own children being around Stow. Dale Sykes, a minister who had known Stow for twelve years, testified that he did not believe Stow posed a threat to the safety of the community. Charles Schelinski said that he also had known Stow for twelve years and that Stow was a "very reliable, excellent person . . . [o]ne of the nicest people you ever want to meet[.]" Stow's employer, Laura Newth, testified that Stow had worked for her for fifteen years and that she found him to be honest, responsible, and dependable. Newth said that she had never seen any indication of inappropriate behavior and that she did not believe there was any likelihood that Stow would "re-violate" the offense that he was convicted of in Colorado.

The State, for its part, presented a copy of the "Risk Assessment and Offender Profile Report" that the Arkansas Department of Correction had gathered as evidence of why Stow was a safety threat. The risk report details the "official version" of Stow's Colorado sex-

offense conviction. Stow admitted to an investigating officer that he had sexual contact with his daughter from the time she was six years old until she was thirteen years old. He also admitted to having anal, vaginal, and oral sex with her on multiple occasions. The daughter's therapist pointed out some "particularly disturbing features" of the case, including how Stow recorded explicit messages embedded in tapes for his daughter. When asked how he was able to get by with this without his wife knowing, he stated in part that he was "good at hiding things." Stow reported that he "found the Lord in prison" but then stated "he didn't really find the Lord because he went back to porn, prostitutes and excessive masturbation when he got out of prison." Stow's therapist relayed that he "presented a lengthy history of inappropriate sexual behaviors that have a strong addictive element." Finally, among other things, the report stated that Stow had a "true" finding from the Crimes Against Children Department in 2008 regarding allegations of molesting his granddaughter.

Stow now argues that the circuit court erred in finding that he failed to prove that he is not likely to pose a safety threat to others. In his view, the court's "exclusive reliance" on the risk report generated by the Department of Correction "has created the error." Yet Stow did not object to the circuit court receiving the risk report as evidence or argue below that the circuit court should not have relied on it. We therefore do not consider those arguments now. Our law is well settled that to preserve an issue for appeal, a defendant must object at the first opportunity. *Mezquita v. State*, 354 Ark. 433, 443, 125 S.W.3d 161, 166 (2003); *see also Stewart v. State*, 320 Ark. 75, 77, 894 S.W.2d 930, 932 (1995) (arguments not raised at trial will not be addressed for the first time on appeal). As to the remainder of

his appellate argument, Stow is correct that he has gone over twenty years without another conviction and that four witnesses testified that he was not likely to pose a threat to the safety of others, with no indication that the court questioned their credibility. But there was also contrary, detailed evidence in the risk-assessment report about Stow's ability to "hide" his actions, that he suffered from addictive sexual behaviors, and that there was a "true" finding against him for sexual abuse in 2008.

In conclusion, we do not disturb the circuit court's conclusion that Stow failed to prove that he was no longer a safety threat. We affirm its denial of Stow's petition to terminate his obligation to report as a sex offender in Arkansas.

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*Jeremy B. Lowrey*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Driver Younger*, Ass't Att'y Gen., for appellee.