Cite as 2020 Ark. App. 397

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-20-28

| | | |
|---|---|---|
| ALAN FRANCISCO | APPELLANT | **Opinion Delivered:** September 16, 2020 |
| | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR18-2501] |
| V. | | |
| | | HONORABLE ROBIN F. GREEN, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Alan Francisco appeals an order of the Benton County Circuit Court denying his motion to terminate the obligation to register as a sex offender. In denying Francisco's motion, the court ruled that pursuant to Arkansas Code Annotated section 12-12-919 (Supp. 2019), fifteen years had not passed since Francisco was released from incarceration in Illinois and that he had failed to prove that he was not likely to pose a threat to the safety of others.  On appeal, Francisco contends that the circuit court misinterpreted Arkansas Code Annotated section 12-12-906 in denying the motion. We affirm.

In April 1998, Francisco was convicted of two counts of felony aggravated criminal sexual abuse in Fulton County, Illinois, when he, a person of age 17 or older, knowingly touched the vagina of a six-year-old. He was sentenced to six years' imprisonment in the Illinois Department of Correction on each count, and based on that conviction, he was

required to register as a sex offender. Francisco moved to Bentonville in December 2006 and registered as a sex offender in the state of Arkansas. He was assessed by the Arkansas Department of Correction as a level 3 sex offender.

Francisco moved back to Illinois in 2007. While living in Illinois, he pled guilty to unlawful presence of a sex offender in a school zone. He was sentenced to "conditional discharge for a period of 24 months" beginning January 7, 2009. At the time of his conditional-discharge sentence, he was still obligated to register in Illinois.

Francisco returned to live in Arkansas in May 2018. He did not register as a sex offender when he moved back arguing below and on appeal that because his obligation to register in Illinois ended in May 2015, he should not have had to register when he returned to Arkansas to live in May 2018. Francisco was arrested on November 15, 2018, for failure to comply with registration and reporting requirements as required under Arkansas Code Annotated section 12-12-904.

Bentonville Police Department detective Jerrod Wiseman's affidavit of probable cause provided that he had received a call from Francisco's mother; that she reported children would be coming to live with her soon; that her son was a registered sex offender in Illinois; that he had been residing with her for six months; and that she was wondering if he was allowed to be around children. Detective Wiseman further declared that he contacted the Arkansas Crime Information Center (ACIC); that sex-offender management informed him that Francisco was registered in Arkansas; that it was determined he had never received an Arkansas court order to remove him from the registry; and that he had to

continue his registry per Arkansas law. Detective Wiseman also reported Francisco's level 3 assessment, his two 1998 felony convictions, and his 2009 school-zone conviction.

The detective declared that he contacted Francisco's mother and told her to have Francisco register with him at the Bentonville Police Department on November 15, 2018. The affidavit then described the basis for, and actual arrest of, Francisco. In the probable-cause affidavit, Detective Wiseman also stated, "I contacted the Illinois State Police and they informed me he was in fact taken off their registry."

After his arrest by the Bentonville Police Department, Francisco subsequently pled guilty to failure to register as a sex offender. A sentencing order, file stamped March 13, 2019, reflects that he was sentenced to five years of state-supervised probation, and he was required to register as a sex offender.

On April 5, 2019, Francisco filed a motion in the Benton County Circuit Court to terminate his obligation to register as a sex offender. He argued that because his obligation to register as a sex offender in Illinois had terminated in May 2015, when he moved back to Arkansas in 2018, he was no longer required to register as a sex offender pursuant to Arkansas Code Annotated section 12-12-906(a)(2)(A). That statute provides:

> A sex offender who moves to or returns to this state from another jurisdiction and who would be required to register as a sex offender in the jurisdiction in which he or she was adjudicated guilty or delinquent of a sex offense shall register with the local law enforcement agency having jurisdiction in person within five (5) calendar days after the sex offender moves to a municipality or county of this state.

Ark. Code Ann. § 12-12-906(a)(2)(A).

3

We first note that Francisco pled guilty to failure to register as a sex offender under Arkansas Code Annotated section 12-12-904(a)(1)(A)(i), so this argument is precluded from our review.

In response to Francisco's motion to terminate his obligation to register as a sex offender, the State argued that Francisco registered as a sex offender in Arkansas in December of 2006 and further that he was not eligible to have his name taken off the registry because fifteen years had not elapsed since his May 25, 2005 release from incarceration in Illinois. The State also maintained that Francisco's recent conviction for failure to register as a sex offender required him to continue to register.

The State further contended that because subsequent to his registration in Arkansas, Francisco had been convicted of unlawful presence of a sex offender in a school zone in Illinois and failure to register as a sex offender in Arkansas and had a pending felony charge for failing to register as a sex offender, he likely still posed a threat to the safety of others.

The court held a hearing on Francisco's motion on July 15, 2019. The circuit court ruled from the bench denying the motion finding that fifteen years had not elapsed since his release from prison or parole as provided by Arkansas Code Annotated section 12-12-919. The circuit court also ruled: "I've not heard anything, certainly not beyond a preponderance of the evidence, that shows Mr. Francisco is not likely to pose a threat to the safety of others, so the motion is denied." Francisco's appeal is now properly before this court.[1]

---

[1]This is the second time this case has been before us. We initially ordered a supplemental addendum due to deficiencies. *See Francisco v. State*, 2020 Ark. App. 298.

4

We review both the circuit court's interpretation of the constitution as well as issues of statutory interpretation de novo. *Arnold v. State*, 2011 Ark. 395, at 4, 384 S.W.3d 488, 493. However, we will not overturn a circuit court's denial of a motion to terminate an appellant's obligation to register as a sex offender unless the circuit court's decision was clearly erroneous. *E.g.*, *Stow v. State*, 2016 Ark. App. 84, at 3, 482 S.W.3d 752, 753–54. A finding is clearly erroneous when, although there is evidence to support it, after reviewing the entire evidence, the court is left with the definite and firm conviction that a mistake was made. *E.g.*, *id*.

Arkansas Code Annotated section 12-12-19 permits a sex offender sentenced in another state but permanently residing in Arkansas to apply for an order terminating the obligation to register in the circuit court of the county in which the sex offender resides. *See* Ark. Code Ann. § 12-12-919(b)(1)(A)(*ii*). After a hearing, the court shall grant an order terminating the obligation to register upon proof by a preponderance of the evidence that for a period of fifteen years after the applicant was released from prison or placed on parole, supervised release, or probation he has not been adjudicated guilty of a sex offense and that he is not likely to pose a threat to the safety of others. Ark. Code Ann. § 12-12-919(b)(2)(A) & (B); *see also Scantling v. State*, 2017 Ark. App. 564, at 3.

When Francisco filed his motion to terminate the obligation to register as a sex offender on April 5, 2019, and when the circuit court held a hearing on the motion on July 15, 2019, fifteen years had not passed since he was placed on parole in Illinois on May 25, 2005. Accordingly, we cannot say the circuit court erred in its finding that the fifteen-year

waiting period as required by Arkansas Code Annotated section 12–12–919(b)(2)(A) had not yet elapsed.

Given our standard of review, we are not left with the definite and firm conviction that a mistake was made in this case. Moreover, in denying Francisco's motion, the circuit court also found that he failed to prove that he was not likely to pose a threat to the safety of others; however, Francisco does not argue this ruling on appeal and has thereby abandoned it. Thus, we affirm.

Affirmed.

SWITZER and BROWN, JJ., agree.

*Michael Kiel Kaiser* and *William O. "Bill" James, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.